CHARLES SEAVERT, Appellant, v. JOHN COOPER et al., Appellees.

MUNICIPAL CORPORATIONS: Firemen's Pension—''Paid'' Fire Department. A retired fireman is entitled to a pension, under Sec. 932-e, Code Supp., 1913, only in case he is of the required age, 50 years, and has served the required time, 22 years, in a *paid* fire department, to wit, a fire department the members of which are paid a *regular* salary, in return for their *entire* time.

*Appeal from Boone District Court.*—G. D. THOMPSON, Judge.

DECEMBER 13, 1919.

MANDAMUS to compel the payment of a pension to a retired fireman. Decree and judgment for plaintiff, as prayed.—*Reversed.*

*F. L. Mackey* and *Frank Hollingsworth,* for appellant.

*Whitaker & Snell,* for appellees.

STEVENS, J.—This is an action in equity, against the trustees of the firemen's pension fund of the city of Boone, to compel the payment of a pension to plaintiff, who alleges in his petition that he served as a member of a paid fire department in said city for more than 22 years, and that, at the time of his retirement, in 1917, he was past the age of 50, and was receiving a monthly salary from said department. Ordinances for the formation and government of its fire department were passed by the city council of Boone as fol-

lows: Ordinance No. 14, passed February 21, 1877; Ordinance No. 129, passed September 8, 1891; Ordinance No. 308, passed July 8, 1903.

Ordinance No. 14 provided that the fire department of said city should consist of a chief fire marshal, one assistant, and as many fire wardens, enginemen, hosemen, and hook and ladder men as might, from time to time, be appointed by the city council, under the further provisions thereof. Ordinance No. 129 provided that each member of the fire department, not exceeding 55 in number, should be paid the following compensation:

"For responding to the alarm of fire and for the time spent thereat, not more than 1 hour and 30 minutes, 25 cents each; for each hour exceeding 35 minutes thereafter, during the continuance of a fire, 25 cents per hour each additional."

Ordinance No. 308 repealed all ordinances or parts of ordinances in conflict therewith, and provided for the payment of a monthly salary to the chief fire marshal and five other members of the department, including the assistant fire marshal, of not less than $40 per month, except that the salary of the assistant fire marshal was fixed at $75 per year.

Bills for the compensation due under Ordinance No. 129 were prepared and certified by the fire marshal to the city council, and, upon approval thereof by that body, warrants were issued to such fire marshal or other officer of the fire department designated in the bills filed.

It is conceded that plaintiff became a member of the fire department in 1893, and was continually thereafter an active member thereof, performing the services required of him by the city ordinance; that he retired in 1917; and that he was, at the time, past the age of 50 years.

Chapter 13-A, Title V, of the 1913 Supplement to the Code, authorizes cities and towns having an organized fire

department, and requires cities having a paid fire department, to levy an annual tax, not exceeding one-half mill on the dollar, upon all the taxable property within the limits of such cities and towns, for the purpose of creating a firemen's pension fund. The act further provides that all taxes levied and all moneys received as membership fees and dues, and all grants, pensions, and devises for the benefit of such fund, shall constitute a fund to be known and designated as a firemen's pension fund, which shall be under the control of a board of trustees, and be exclusively devoted to and used for the purposes provided in said chapter. Said chapter further provides that:

"Every member of the paid fire department of any city or incorporated town within the provisions of this act shall be required to pay to the treasurer of said fund a membership fee to be fixed by the board of trustees, not exceeding five dollars, and shall also be assessed and required to pay annually an amount equal to one per cent per annum upon the amount of the annual salary paid to him, which said assessment shall be deducted and retained in equal monthly installments out of such salary."

So far as material to the present controversy, Section 932-e of said chapter is as follows:

"Any member of an organized paid fire department within the provisions of this act who shall have served twenty-two years or more in such department and shall have reached the age of fifty years, or who shall, while a member of such department, become mentally or physically permanently disabled from performing the duties of a fireman, shall be entitled to be retired, and upon retirement he shall be paid out of the firemen's pension fund of the city in which such department is located, a monthly pension equal to one half the amount of salary received by him monthly at the date he became entitled to retirement.   *   *   *   The provisions of this bill shall apply to volunteer or call mem-

bers of a paid fire department, excepting that, as to such volunteer or call members, the amount of pension to be paid shall be such as the board of trustees shall fix or determine. After any member shall become entitled to be retired, such right shall not be lost or forfeited by discharge or for any other reason except conviction for felony.   *   *   *"

The questions presented and argued by counsel for appellant are: Was the defendant a member of a paid fire department for 22 years preceding his retirement; and, if so, should he receive a pension equal to one half of the monthly salary paid him at the time of his retirement, or an amount determined and fixed by the board of trustees? Unless he was a member of a paid fire department for the time specified, preceding his retirement, he cannot claim the benefit of the provisions of this chapter. The statute designates the chief officer of the fire department, the city treasurer, and city solicitor, as ex-officio members and trustees of the firemen's pension fund. The city of Boone has maintained an organized fire department since 1877; but it is the contention of appellants that, prior to the passage of Ordinance No. 308, it was composed wholly of volunteer or call members. The entire equipment of the fire department, from the time of its organization, was owned by the city, which, by ordinance, enacted rules and regulations for the control and government of such department. The requirements for membership are not specified in any of the ordinances, but Ordinance No. 129 limits the number of paid members to 55. Ordinance No. 14 made it the duty of all firemen, when an alarm was given, to repair immediately to their respective engines, hose wagons, or hooks and ladders, and to convey the same to or near the place of the fire, unless otherwise directed by the chief or assistant fire marshal. In case of disobedience of any order or direction of the chief by any fireman, he became subject to expulsion from the department.

The decision of this case must depend largely upon the construction to be given to the words "paid fire department," as used in Section 932-a of the chapter mentioned. Words and phrases must be construed according to the context and the approved usage of the language, unless they have acquired, by custom or usage, a peculiar or technical meaning. As these words would ordinarily be used, they would mean a fire department receiving pay; but whether, as customarily used by firemen, they are given some other signification, we do not know, as there is nothing in the record tending to establish such usage. We must, however, in ascertaining the meaning thereof, look also to the context. It is, of course, a familiar rule that statutes should be so interpreted as to give force and effect to the legislative intent, as embodied therein. *French v. French*, 84 Iowa 655; *Sexton v. Sexton*, 129 Iowa 487; *State v. Sherman*, 46 Iowa 415.

It will be observed that the compensation provided by Ordinance No. 129 was limited to the time actually spent by the members in attendance upon a fire, and was nominal only. If, therefore, there was a paid fire department in said city, prior to the adoption of Ordinance No. 308, it was only in a mere technical sense. The legislature evidently intended something more than this. The firemen's pension fund is made up of gifts, grants, or bequests of money or property, together with the amount realized by an annual tax levy of one-half mill on the dollar of the taxable property within cities and towns having a paid department, a membership fee not exceeding five dollars, and an amount equal to one per cent per annum upon the amount of the annual salary paid to the member, which shall be deducted and retained in equal monthly installments out of such salary. The amount to be paid a retired member entitled to a pension is one half the amount of salary received by him monthly at the date of his retirement, unless he be a volun-

teer or call member of a paid fire department, in which case he shall receive an amount fixed by the trustees.

The following language, found in Section 932-d, "Every member of the paid fire department of any city or incorporated town within the provisions of this act shall be required to pay * * * a membership fee * * * not exceeding five dollars, and * * * an amount equal to one per cent per annum upon the amount of the annual salary paid to him," refers to something more than a mere nominal sum, paid to members following an independent occupation, and occasionally responding to a fire alarm, and devoting only a few minutes or an hour or so to the service of the department. Upon retirement, the pension paid is a sum equal to one half of the monthly salary received by the member at the time of his retirement. Both of the above provisions contemplate that the members of a paid fire department receive a definite sum regularly. The obvious purpose of the statute is to provide a benefit to firemen who have regularly devoted at least 22 years to the service of the public, to the exclusion of other employment. Great efficiency is required of men in well-organized and equipped fire departments, and this is acquired by experience, drill, and constant devotion to the service. It was not intended that men pursuing other vocations or employment, who are in no sense dependent upon the nominal compensation usually paid, if any, by fire departments consisting of business and professional men and citizens generally, who have united in an organization for the common good and protection of all, should be paid a pension when they have continued in such capacity for 22 years.

Counsel for appellee relies upon the holding of the Supreme Court of North Dakota in *Continental Hose Co. v. City of Fargo*, 17 N. D. 5 (114 N. W. 834); but it appears, from a careful reading of that case, that the city of Fargo, in addition to paying a nominal compensation to

some of the members of its fire department, similar to that paid by the city of Boone prior to the adoption of Ordinance No. 308, paid six members thereof a regular monthly, or annual, salary. This case did not involve statutes of the state of North Dakota relating to a firemen's pension fund; but the plaintiff was a corporation, and brought an action against the city to recover a sum claimed to be due under the statute for a portion of insurance premiums collected by the defendant city under the statute of that state. The statutes are not quoted in the opinion, nor is their exact purport stated. In construing the words "paid fire department," the court very properly gave emphasis to the fact that six firemen received an annual or monthly salary. In ascertaining the meaning of the words used in our statute, we must look to it as a whole, and be guided by the intention of the legislature and the purpose for which the statute was enacted. Plaintiff was at no time a volunteer or call member of a paid fire department. A "volunteer" is a person who performs services without promise of remuneration, either express or implied, and therefore is not entitled thereto. *State v. Henkle*, 45 Ore. 430 (78 Pac. 325); *Continental Hose Co. v. City of Fargo*, supra. Plaintiff is, therefore, entitled to be paid a sum equal to one half of the monthly salary received by him at the time of his retirement, or nothing. We are of the opinion that a paid fire department is one to which the members devote their time and services, and are paid a regular salary. It may be assumed that generally, if not always, their salary is paid monthly. The statute is somewhat lacking in clearness, and does not define an organized fire department or a paid fire department; but obviously they are not to be treated as synonymous. It is optional with cities and towns having an organized fire department whether a tax of one-half mill shall be levied or not; but the duty to levy such tax is made mandatory in cities having a paid fire department.

We find no specific provision in the statute fixing the amount of pension to be paid members of an organized, but not paid, fire department, nor are the trustees, by express provision, authorized to fix the amount to be paid. We hold that the statute was intended to apply, and applies, only to a fire department the members of which are paid a regular salary, and devote their time to the service of such department. From this conclusion it necessarily follows that, as the city of Boone did not have a paid fire department prior to the adoption of Ordinance No. 308, plaintiff was not, for 22 years prior to his retirement, in 1917, a member of a paid fire department, and is not entitled to share in the firemen's pension fund of the city of Boone. The judgment and decree of the court below are, therefore, —*Reversed.*

LADD, C. J., WEAVER and GAYNOR, JJ., concur.