EDWARD H. LUNDY et al., Executors, Appellants, v. R. A. SKINNER et al., Appellees.

No. 42966.

NOVEMBER 19, 1935.

Birdsall, McGrath & Archerd, D. W. Dickinson and John L. Butler, for appellants.

Walters & Kepford, for appellees.

PARSONS, J.—Suit at law on a promissory note given by R. A. Skinner (otherwise known as Roland Skinner), and Leota Skinner, by the executors of the estate of E. W. Lundy, deceased, payee in the note. The deceased was a resident of Hardin county, Iowa, living in the town of Union from 1856 until his death, October 1, 1928. The note was dated March 1, 1923, and for $15,494.59, and due March 1, 1924, with interest at 8 per cent per annum. Suit was brought thereon by the executors against defendants.

The defendant R. A. Skinner answered, pleading a discharge in bankruptcy on June 23, 1925, in a voluntary bankrupt proceeding of the defendant, who was named therein as "Rolland A. Skinner". The note was secured by a chattel mortgage. Skinner was a tenant of the deceased on a farm about five and a half miles southwest of Union, and rented it for four years of the deceased, his tenancy expiring on the July 4th following the date the note was given; and he knew the residence of the deceased was at Union, and testified that residence was continued until the death of the deceased, E. W. Lundy. The listing of the debt in the bankrupt proceedings gave the name of the deceased, and his post-office address as Eldora, Iowa. Skinner testified in this case to there being a post office at Union, to his knowledge, and the record conclusively shows that the deceased lived at Union from 1856 until his death, and that his address during all that time was at Union. At the close of the evidence the plaintiff moved the court for a directed verdict on account of the improper listing of the claim by the bankrupt. The defendant moved for a directed verdict on account of the discharge from bankruptcy. The question then arises in this case, and that is the only question submitted: Does the giving of an improper post-office address in listing a claim in bankruptcy affect the discharge on a claim so listed? In other words, can the discharge be used under such circumstances so as to discharge the debt so improperly listed? Plaintiff appealed to this court, and filed an abstract and argument, but we are not favored with any argument of the appellee herein, so we do not have the benefit of whatever may have been urged on behalf of the bankrupt.

Section 17 of the Bankruptcy Act, now 11 USCA section

35, provides that a discharge in bankruptcy should release a bankrupt from all his debts provable, except certain ones; among those are the creditors who have not been duly scheduled in time for proof and allowance, with the name of the creditor, if known to the bankrupt, unless such creditor had notice by actual knowledge of the proceedings in bankruptcy. It is required also that the post-office address of the creditor be properly given, the object of that being so that the various notices may be sent to him by mail and otherwise, advising him of the doings of the bankrupt proceedings, and that he may be sure to have the knowledge that the bankrupt proceeding is pending.

Gilbert's Collier on Bankruptcy (2d Ed.) at page 430, says:

"Extreme exactness must be used in describing the creditor by name, or he will not be 'duly scheduled.'" And then in the next section: "Even greater care should be observed in addresses. Schedules are defective if they do not contain the residence of the creditors or show that they are unknown. The schedule of the residence of a creditor as 'unknown', when it could have been ascertained by the exercise of reasonable diligence, will prevent a discharge of the debt. If the residence cannot be ascertained, that fact must be stated, and the proper practice requires that the bankrupt shall state what efforts he has made to ascertain the residence. * * * Both as to the use of initials and the omission of a street address the act must be given a general construction, as in the light of the fact that letters directed to persons by their initials are constantly, properly and promptly delivered in the largest cities of the country, even when the street number is not given." So that it is fair to assume if he did not receive notice of the proceedings he will not be affected thereby, and the discharge of the bankrupt will not be a defense in an action by a creditor on his claim. Further on the section says: "It seems that a debt is not 'duly scheduled' where the office address instead of the residence is given in the schedule under the designation of residence."

3 Ruling Case Law, p. 336, under the head of "Bankruptcy", section 155, lays down the rule that the act provides that a discharge "shall release a bankrupt from all of his provable debts, except such as * * * have not been duly scheduled in time for proof and allowance, with the name of the creditor if known to the bankrupt, unless such creditor had notice or

knowledge of the proceedings in bankruptcy,'' and calls attention to the fact that this provision is a marked departure from former bankruptcy acts, and decisions under those acts to the effect that scheduling was not necessary in order to bring the debt within the order of discharge.

A valuable case, together with annotations thereof, covering this question, is found in Ann. Cas. 1912A, p. 547, attached to the case of Sloan & Bro. v. Grollman, originally reported in 113 Md. 192, 77 A. 577, and in the Ann. Cas. 1912A, at page 544. The case lays down the rule that one relying on a discharge in bankruptcy to defend a claim omitted from a schedule has the burden of proving that the creditor had notice or actual knowledge of the proceedings in bankruptcy. The note extends from page 547 to 551 of the volume. It takes up and discusses the Bankruptcy Act of 1841 (5 Stat. 440), the Bankruptcy Act of 1867 (14 Stat. 517), and the present act (11 USCA). An examination of the note generally shows that it lays down the rule that knowledge on the part of the unlisted creditors of the bankrupt is actual knowledge as distinguished from constructive notice. Also the rule that actual knowledge of the proceedings contemplated by the statute is a knowledge in time to avail the creditor of the benefit of the law—in time to give him an equal opportunity with other creditors—and not a knowledge that may come so late as to deprive him of participation in the administration of the affairs of the estate, though it is in time for him to prove his claim and move for the revocation of the discharge of the bankrupt. Under the head of ''Proof of Knowledge'', the note lays down the rule that where it appears that the claim of a creditor was not duly scheduled, to render the discharge available against such claim, the burden of proof is upon the bankrupt to show that the creditor had proper knowledge of the bankruptcy proceedings, is supported by several authorities.

■■■ An examination of these authorities, and the fact that it is necessary in all judicial proceedings to give a notice of some sort where it is contemplated to adjudicate upon the rights of other parties, to such other parties, and that the method provided for and used in the Bankruptcy Act as to giving notice to creditors was not followed in this case; the mere giving of the name of the creditor with no address, no method to reach him by notice, is not sufficient compliance with the statute. Espe-

cially would this be true where the bankrupt knew the address of the creditor, as Skinner knew the address of the deceased.

There would be no presumption arising whatever that a letter or notice addressed to E. W. Lundy, Eldora, Iowa, would be delivered to E. W. Lundy, at Union, Iowa. The presumption and practice is to the contrary, that it would probably go to the dead letter office, and might perhaps be returned to the place from which it originated. So in consideration of the facts of this case, and for the reasons pointed out, the decision of the district court of Hardin county is reversed.

KINTZINGER, C. J., and DONEGAN, POWERS, RICHARDS, ALBERT, and HAMILTON, JJ., concur.