HEIMBECHER, Plaintiff and Respondent, vs. JOHNSON, Defendant: CHEESE MAKERS MUTUAL CASUALTY COMPANY, Defendant and Appellant.

*December 5, 1950—January 9, 1951.*

202

For the appellant there was a brief by *Lehner & Lehner, Adolph P. Lehner, Howard N. Lehner,* and *Eugene E. Behling,* all of Oconto Falls, and oral argument by *Adolph P. Lehner.*

For the respondent there was a brief by *Herbert W. Johnson* of Sturgeon Bay, attorney, and *H. S. Humke* of Sheboygan of counsel, and oral argument by *Paul L. Axel* of Sheboygan.

GEHL, J.   It is undisputed that the company received no notice of accident and it contends that to create liability on its part it must be shown not only that the notice was sent but also that it was actually received.  The policy provides that "notice shall be given" as soon as practicable.  However, neither its provisions nor any statute requires that it be shown that it was received, nor does either provide an exclusive manner of giving notice.  That the company recognizes more than one method is indicated by the fact that the policy carries on its face in large letters a direction to *"send all notices of accident"* to its Madison address without prescribing the manner in which it is to be sent.

To the proposition that there must be proof of receipt of the notice the company cites *Hotel Hay Corp. v. Milner*

*Hotels, Inc.,* 255 Wis. 482, 39 N. W. (2d) 363. In that case the provision in the contract respecting notice was that the one party "agrees to notify" the other, contemplating, of course, that knowledge of the facts contained in the notice be brought to the other party. In the instant case the policy provisions contained in the body thereof require that notice "shall be given," from which it should perhaps also be implied that actual knowledge of the facts be brought to the company. However, as has been pointed out, upon the face of the policy, in large letters, is a direction to *send* notice. Clearly the latter direction does not contemplate that receipt of the notice be established or that it be shown that the information required to be included in the notice be actually brought to the knowledge of the company.

The existence of the two apparently inconsistent directions creates an uncertainty of meaning and, under the rule that provisions which tend to limit the liability of the insurer or which are ambiguous should be construed most strongly against it, *Kelly v. Fidelity Mut. L. Ins. Co.* 169 Wis. 274, 172 N. W. 152, there is compliance when the notice is sent as directed on the face of the policy.

We conclude that if it be established that notice was sent by the assured in the ordinary mail and within the time limited by the policy or the statute there was compliance.

It is not surprising that counsel is impressed by the discrepancy appearing in Johnson's statements as to the address to which he claims he sent the notice—in the one he says that he addressed it to the company at Milwaukee; in the other, that he sent it to its Madison office. But the court is without power on a motion for summary judgment to say that his last statement, that he sent it to Milwaukee, is unbelievable, and upon that ground determine that the notice was not sent. That is a matter which affects his credibility and is to be considered by the trier of the facts when the ultimate issue is determined.

Whether or not Johnson sent the notice presents a substantial issue of fact. It has been consistently held by this court since *Prime Mfg. Co. v. A. F. Gallun & Sons Corp.* 229 Wis. 348, 281 N. W. 697, that under those circumstances summary judgment cannot be entered but the case must proceed to trial.

Sec. 204.29 (3), Stats., provides:

". . . The deposit in any post office by or for the insured of a registered, postage prepaid envelope, containing the proper notice of injury within twenty days after the injury addressed to the company, issuing the policy or certificate, shall be a sufficient service of notice of injury."

This provision does not declare that the manner of giving notice therein referred to is exclusive.

The company contends further that Johnson's failure to notify it of his removal and change of address to Milwaukee results in failure to co-operate as required by the policy, and that we should so determine as a matter of law. In his affidavit plaintiff's attorney alleges that if the company had made due and diligent effort to find and locate Johnson or find his address he could have been located, and in support of that conclusion states that he had readily learned of Johnson's Milwaukee address prior to August, 1949, by inquiring of the parents of Mrs. Johnson who then lived in Sawyer, Wisconsin; he describes other facilities by the use of which the company might have located the assured and obtained his address. The issue as to whether the company exercised reasonable diligence in ascertaining Johnson's whereabouts and his address is thus raised. To disclaim liability upon the ground of failure of the assured to give notice of a change of address it must have exercised reasonable diligence in ascertaining his whereabouts. *Finkle v. Western Auto. Ins. Co.* 224 Mo. App. 285, 26 S. W. (2d) 843, and cases cited in Anno. 72 A. L. R. 1454; 98 A. L. R. 1468; 139 A. L. R.

777. What constitutes lack of co-operation is usually a question of fact. Anno. 72 A. L. R. 1454.

Appellant cites a number of cases in support of its contention that we should hold as a matter of law that Johnson's failure constitutes lack of co-operation. We have carefully examined these cases and find that in each of them where such conclusion was arrived at it was done upon undisputed facts or where no other permissible inference might be drawn from the evidence in the case. None of them may be considered as being out of harmony with the rule above stated.

It is claimed by appellant that there was failure by plaintiff to comply with the provisions of sec. 270.635, Stats., which require that if a motion for summary judgment is made on behalf of the plaintiff it shall be supported by his affidavit that "there is no defense to the action." This motion was not made by plaintiff. The requirement of the statute is that the moving party upon an application for summary judgment make affidavit that he "believes that there is no defense to the action or that the action has no merit (as the case may be)." Neither averment is required of the opposition.

*By the Court.*—Order affirmed.