W. Lawrence Oliver, appellant, v. Employers Mutual
Casualty Company, appellee.

No. 51706.

(Reported in 136 N.W.2d 330)

June 30, 1965.

W. Lawrence Oliver, of Des Moines, pro se.

Bradshaw, Fowler, Proctor & Fairgrave, of Des Moines, for appellee.

PETERSON, J.—June 13, 1963, defendant wrote a policy of fire insurance on the contents of plaintiff's law office in the sum of $2000 for a five-year period running from June 13, 1963, to June 13, 1968. The total cost for the five-year period was in the amount of $91.30, but this amount was payable annually at the rate of $18.26 per year. Plaintiff made the first annual payment of $18.26 when he received the policy. On June 1, 1964, defendant caused to be mailed to plaintiff a notice of cancellation of said insurance policy which notified plaintiff that the policy would stand cancelled as of June 13, 1964, the end of the first year of the five-year period.

Plaintiff filed a petition in equity asking that defendant be restrained from cancellation of the insurance policy.

Defendant filed a motion to dismiss, which was sustained. Plaintiff appealed.

The part of the policy which is relevant is the provision with reference to "Cancellation of policy", as follows:

"This policy shall be cancelled at anytime at the request of the insured, in which case this company shall, upon demand and surrender of this policy, refund the excess of paid premium above the customary short rates for the expired time."

Also: "This policy may be cancelled at anytime by this company by giving to the insured a five-day written notice of cancellation with or without tender of the excess of paid premium above the pro rata premium for the expired time, which excess, if not tendered shall be refunded on demand. Notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand."

The provision with reference to cancellation is in accordance with section 515.138, Code of Iowa, 1962. Said section specifically provides as to the cancellation terms which must be included in policies in the state of Iowa.

The record shows that the plaintiff attached to his petition a copy of only certain parts of the insurance policy. These did not include the cancellation clause.

Instead of asking that the plaintiff be required to set out the entire policy, or answering and attaching a complete copy, the defendant moved to dismiss, attaching a copy of the cancellation clause to its motion. By this process, the defendant attempted to amend the plaintiff's petition, and attacked it as so amended. This may not be done.

The real basis for affirmance here is that the court could assume the policy in question complied with the provisions of the statute above quoted.

We must assume that the provisions of the statute were followed in the policy and, so assuming, it becomes evident that the policy contained the required cancellation clause. The motion to dismiss was good because of the assumption that the policy contained the cancellation clause required by the statute.

The cancellation clause included in accordance with statute in the policy in the case at bar has been approved. Selken v. Northland Insurance Co., 249 Iowa 1046, 90 N.W.2d 29; Smith v. American Insurance Co., 197 Iowa 761, 198 N.W. 48; Artificial Ice Co. v. Reciprocal Exchange, 192 Iowa 1133, 184 N.W. 756.

As a matter of general law, which is approved in almost all states, 29 Am. Jur., page 730, states as follows: "It is beyond question that the parties to a contract of insurance may include provisions in the policy relative to the cancellation of the policy * * *. Under such provisions, either party has the right, by complying with the terms of the policy, to terminate the contract, and the consent of the other party is not necessary to effect a cancellation."

The trial court was correct in sustaining defendant's motion to dismiss and the case is affirmed.—Affirmed.

All JUSTICES concur.