791 P.2d 737

Jeff SCANLON and Sharon L. Scanlon, husband and wife, Plaintiffs–Appellants,

v.

The EMPIRE FIRE AND MARINE IN-SURANCE COMPANY, a foreign insurance corporation, Defendant–Respondent.

No. 17759.

Court of Appeals of Idaho.

May 2, 1990.

Cooke, Lamanna, Smith & Cogswell, Priest River, for plaintiffs-appellants. Thomas E. Cooke argued.

Richard E. Hayes, Spokane, Wash., Keefe & King, P.S. of Coeur d'Alene, for defendant-respondent. Richard E. Hayes argued.

WESTON, Judge, Pro Tem.

This case involves a dispute over fire insurance coverage. Jeff and Sharon Scanlon appeal from a summary judgment in favor of Empire Fire and Marine Insurance Company, holding that fire damage to a building owned by the Scanlons is not covered by an Empire policy. We are presented with three issues: (1) whether the policy was effectively canceled twenty days after the company mailed a cancellation notice; if not (2) whether the cancellation became effective at some later date; and, in any event, (3) whether Empire could unilaterally cancel the policy without showing that the insureds were in breach of the contract.

For reasons explained below, we affirm the summary judgment.

On appeal from a summary judgment, our scope of review is limited to determining whether there exist genuine issues of material fact and, if not, whether the prevailing party is entitled to judgment as a matter of law. *Gro–Mor, Inc. v. Butts,* 109 Idaho 1020, 712 P.2d 721 (Ct.App.1985). Here, the facts are undisputed.

Sharon and Jeff Scanlon owned and operated a beauty shop in Priest River, Idaho. On August 30, 1985, Empire Fire and Marine Insurance Company agreed to underwrite a fire insurance policy on a building owned by the Scanlons, where the beauty shop was located. The Scanlons complied with the terms of the insurance contract, including premium payments, and made all required disclosures. However, on November 8, 1985, Empire invoked its right, as set forth in the policy, to cancel coverage. Empire sent to the Scanlons, by certified mail, a notice of cancellation effective December 2, 1985. On November 12, 1985, the postal authorities notified the Scanlons that certified mail was available to be picked up at the post office. The Scanlons actually received the notice of cancellation on November 14, 1985. On December 23, 1985, the building was totally destroyed by fire. Thus, excluding the day the notice was mailed, the loss occurred forty-five days after notice of cancellation had been mailed by Empire and thirty-nine days after notice actually had been received by the Scanlons. The Scanlons later commenced this action against Empire.

## I

The Scanlons have asserted that, in order to cancel the policy, Empire was required to show that it gave the Scanlons actual notice twenty days prior to termination of the policy. Empire, on the other hand, contends that the notice of cancellation was valid because it was mailed at least twenty days prior to the effective date of cancellation.

To resolve this issue, we must examine I.C. § 41–2401 and the cancellation clause of the policy. Idaho Code § 41–2401(1) provides that no fire insurance policy may be issued on a form other than that known as the revised New York standard fire insurance policy. The cancellation clause of the revised New York standard fire insurance policy states:

> This policy may be cancelled at any time by this Company *by giving to the insured a five days' written notice* of cancellation.... [Emphasis added.]

Ins.L.Rep. (CCH): Fire & Casualty STANDARD FIRE POLICIES p. 52,091. Idaho Code § 41–2401(1)(j) then sets forth the following modification to the New York policy:

> Every fire policy shall contain language that provides for a *twenty (20) day written notice to the insured* prior to cancellation of the policy. [Emphasis added.]

Thus, it appears that subsection (j) has enlarged the five-day written notice requirement of the revised New York standard fire insurance policy. In order to comply with the statute, the insurer must give the insured a twenty-day written notice of cancellation.[1]

We now consider the cancellation terms of the policy in light of this statutory requirement. The terms were set forth in an original policy and a subsequent rider. The original policy contains this language:

> *This policy may be cancelled by the Company by mailing to the named insured* at the mailing address shown in the Declarations, *written notice stating when not less than ten days thereafter* such cancellation shall be effective. *The mailing of notice as aforesaid shall be sufficient proof of notice.* [Emphasis added.]

However, this cancellation clause has been amended by a rider to the policy which contains no reference to mailing:

1. This case arose prior to the 1987 amendment of I.C. § 41–2401(1)(j) which requires that "business or commercial" fire insurance policies

must comply with the notice requirements contained in subsections 4(a) and (b) of I.C. § 41–1815.

This policy may be cancelled at any time .by this Company by *giving to the insured a twenty days' written notice* of cancellation....

All other terms and conditions of this policy remain unchanged. [Emphasis added.]

Empire claims that the rider has changed the number of days that notice of cancellation must precede the actual cancellation, but does not change the original cancellation language which provides that mailing is sufficient proof of notice. In contrast, the Scanlons contend that the rider to the policy was attached by Empire to conform the language in the original cancellation clause to the provisions of I.C. § 41–2401(1)(j). The Scanlons argue that the statute requires that they receive actual notice in writing twenty days prior to cancellation.

The real issue therefore, is not whether the policy and rider, taken together, provide that notice is effective upon mailing; it is whether the statute requires the notice to be received twenty days before cancellation.[2] It is well settled in insurance law that where a statute contains requirements regarding notice of cancellation, the policy must comply with these statutory requirements. 43 AM.JUR.2d *Insurance* § 382 (1982).

More specifically, the question is whether the phrase "twenty (20) day written notice to the insured" as set forth in the statute, and the parallel phrase "twenty days' written notice" as set forth in the policy rider, require actual notice before the twenty-day period runs. In *Grant Lumber Co. v. North River Ins. Co.,* 253 F. 83 (D.Idaho 1918), the Court was faced with the task of interpreting similar policy language:

This policy shall be cancelled at any time at the request of the insured, or by the company *by giving five days' notice of such cancellation.* [Emphasis added.]

The federal court, construing Idaho law, announced that the policy required actual notice to the insured prior to cancellation. The language of that policy was almost identical to the wording contained in the rider to the Scanlons' policy. The only apparent distinction is that the revised New York standard fire insurance policy, as it existed in 1918, did not require "written notice." Apart from this difference, the revised New York standard fire insurance policy has remained unchanged. Accordingly, the holding in *Grant Lumber* supports the position that the insured actually must receive written notice twenty days prior to cancellation of the policy.

Another case which supports this position is *Selken v. Northland Insurance Company,* 249 Iowa 1046, 90 N.W.2d 29 (1958). In that case, Iowa had the following statutory language on cancellation of a policy:

The policy may be cancelled by the insurance company by *giving five days notice of such cancellation....* [Emphasis added.]

The insurance company in *Selken* sought to cancel the policy by mailing a notice of cancellation to the insured at his last known address. The issue before the Iowa court was whether the insured had received proper notice under the statute. In analyzing the meaning of the words "giving five days notice," the court stated, "[W]e must conclude that the legislature intended that 'giving' means the insured shall personally receive notice, and that 'notice' means he shall receive it so that he becomes 'aware of the notice.'" 90 N.W.2d at 33. The Court then went on to conclude that the statute could only be satisfied when the insured received actual notice.

Likewise, in *Galkin v. Lincoln Mut. Casualty Co.,* 279 Mich. 327, 272 N.W. 694 (1937), the Michigan Supreme Court was asked to determine the effect of a statute on a cancellation clause which stated that notice was effective upon mailing. The statute provided:

**2.** The policy in this case included extended coverage and thus was not required to conform, in all respects, to the specific words of the revised New York standard fire insurance policy. However, it was required to contain the same coverage and policy holder rights as the revised New York standard fire insurance policy. I.C. § 41–2401(4)(a).

[T]he policy may be cancelled at any time by the company *by giving to the insured a five (5) days' written notice* of cancellation. [Emphasis added.]

272 N.W. at 695. After considering the meaning of the statute, the Court in *Galkin* concluded that the cancellation notice did not become effective until after the insured actually received five days' written notice of cancellation.

We agree with the rationale of the above-cited cases construing the words "giving to the insured" to mean "actual receipt by the insured." Consequently, the Scanlons were entitled to receive twenty days' written notice prior to cancellation of the policy.

## II

We now must consider the effect of a notice, otherwise sufficient in form, which states a cancellation date that turns out to be less than twenty days after the notice is received. The question arises whether the notice is inoperative or whether it merely postpones cancellation until the full notice period required by statute has expired. Here, the notice was actually received by the Scanlons on November 14, 1985. The Scanlons assert that because the notice had a termination date of December 2, 1985, it failed to comply with the terms of the cancellation clause and therefore was void. However, this contention goes beyond the rationale for requiring notice of cancellation. "Generally speaking, provisions for notice of cancellation of insurance policies are intended to prevent cancellation of the policy without allowing the insured ample opportunity to obtain other insurance." *Crowley v. Lafayette Life Insurance Co.*, 106 Idaho 818, 822, 683 P.2d 854, 858 (1984). "A majority of courts hold that a notice of cancellation which purports to cancel a policy of insurance at a time earlier than that fixed by the policy results in the postponement of cancellation until the time period set forth in the policy has expired." *Campbell v. Home Insurance Co.*, 628 P.2d 96, 99 (Colo.1981); *see* Annot. 96 A.L.R.2d 286 (1964). *Compare Crowley v. Lafayette*

*Life Insurance Co., supra* (holding notice of termination void where insurance company attempted to cancel policy retroactively rather than at future date).

We agree with the reasoning of the majority of courts which have addressed this issue. The Scanlons had ample opportunity to secure other insurance coverage during the twenty-day period following their receipt of notice of cancellation. Therefore, the notice became effective, and the policy was cancelled, on or about December 5, 1985. Because the fire loss occurred on December 23, 1985, the Scanlons are not entitled to recover under the terms of the policy.

We note that this case is distinguishable from *Hauter v. Coeur d'Alene Antimony Min. Co.*, 39 Idaho 621, 228 P. 259 (1923). In *Hauter*, the Court was faced with a notice issue involving workers' compensation coverage. The insurer in *Hauter* mailed a cancellation notice to the employer on August 8, 1918. The notice informed the employer that the policy was being cancelled on August 20, 1918. However, the policy required not less than thirty days' written notice. One of the employer's employees was later injured in an accident which occurred on November 17, 1918. On appeal, the issue before the Court was whether the notice was void or whether the notice became effective upon the expiration of the thirty days. The Idaho Supreme Court held that because the conditions in the policy were not strictly complied with, the notice was ineffectual and the policy remained in force at the time of the employee's accident.

In so holding, however, the *Hauter* court explicitly acknowledged that it was departing from the general rule followed in fire insurance cases. The court reasoned that because workers' compensation was designed, in part, for the protection of an employee who has no control over the policy, the insurer must show strict compliance with conditions of the policy. The court expressed no intention to change the general rule governing fire insurance policies. We believe that the holding in *Hauter* is limited to workers' compensation cases.

Here, Empire's notice of cancellation became effective twenty days after the notice was received by the Scanlons.

### III

We now consider whether either party to an insurance contract can unilaterally cancel the policy absent a breach by the other party. The Scanlons contend that even if the notice of cancellation was effective before the loss, Empire could not terminate the policy because the Scanlons were not in breach. Specifically, the Scanlons contend, without citation of authority, that once they paid the premium, the policy was not subject to cancellation during its term.

However, this argument is contrary to the express language of the policy, which allowed for cancellation. The argument is also contrary to established law. It is generally held that clauses providing for cancellation of insurance policies will be recognized as valid. 43 AM.JUR.2d *Insurance* § 383 (1982). The rationale for upholding a provision for unilateral cancellation of an insurance policy is that parties are entitled to freely contract. COUCH ON INSURANCE 2D (Rev. ed.) § 67:45 (1983). Here, we perceive no overriding public policy reason to limit the parties' freedom to enter a contract allowing cancellation upon notice. Therefore, we conclude that Empire's cancellation of the policy, as permitted by the terms of the policy, was valid.

The district court's award of summary judgment in favor of Empire Fire and Marine Insurance Company is affirmed. Costs to respondent Empire. No attorney fees on appeal.

WALTERS, C.J., and BURNETT, J., concur.