865 P.2d 965

**AUTOMOBILE CLUB INSURANCE COMPANY, a corporation, Plaintiff–Appellant/Cross–Respondent,**

v.

**William G. JACKSON and Patricia L. Jackson, husband and wife, Defendants–Respondents,**

and

**Lisa Marie Nielson; and Kenneth V. Bowerman and Norma Bowerman, husband and wife, Defendants–Respondents–Cross–Appellants.**

No. 20016.

Supreme Court of Idaho, Coeur D'Alene, Oct. 1993 Term.

Dec. 27, 1993.

William G. Jackson and Patricia L. Jackson, pro se, respondents.

James A. Raeon, Coeur d'Alene, Bruce A. Kaiser, Spokane, WA, David A. Manko, Hayden Lake, for defendants-respondents, cross-appellants. James A. Raeon and Bruce A. Kaiser, argued.

SILAK, Justice.

This is an appeal from a declaratory judgment. Automobile Club Insurance Co. ("Auto Club") began this declaratory judgment action on the issue of auto insurance coverage of William Jackson and his wife, Patricia Jackson ("Jacksons"). The coverage question arose from a car accident involving a car driven by Lisa Marie Nielson ("Nielson"), but owned by the Jacksons. The district court ruled that coverage existed on the date of the accident. We affirm.

## I. FACTS AND PROCEDURAL BACKGROUND

On October 30, 1989, Nielson was driving a car owned by the Jacksons and in which Patricia Jackson was a passenger, when she was involved in an accident which injured Kenneth Bowerman ("Bowerman").

Auto Club originally issued an automobile insurance policy (the "policy") to William Jackson in 1987. Coverage began on December 20, 1987, and continued for a period of six (6) months. The application for the policy stated that the "policy issued thereon is void if any check tendered in payment of premium is not honored." Auto Club offered Jackson a "budget payment plan" whereby Jackson could renew his policy for a new six month term upon payment of one-half of the premium prior to the effective date with the balance of the premium plus a finance charge to be paid ninety (90) days later.

Auto Club provided Jackson with two categories of billing notices: renewal notices and budget notices. Renewal notices were sent in advance of the usual policy termination date. Upon payment of either the full premium or the budget amount (one-half), Jackson's policy would be renewed for an additional six month term. Budget notices were sent in advance of the due date of the de-

Etter & McMahon, P.S., Spokane, WA, for plaintiff-appellant, cross-respondent. Stephen M. Lamberson, argued.

876

ferred budget payment. Both renewal and budget notices contained statements that coverage would terminate if payment was not made on the due date. Each notice also contained the following language: "If payment is made by check which for any reason is not honored, no coverage will be afforded beyond the due date."

Jackson failed to pay the June 20, 1989 policy renewal payment on time, and his policy was therefore cancelled on or about July 7, 1989, for nonpayment of premium. Jackson subsequently paid the budget payment necessary to reinstate the policy for a six month term effective July 11, 1989. The policy reinstatement notice stated: "Your policy is paid to October 11, 1989," which was the due date of the next budget payment. Jackson was sent two budget premium notices, one on September 1, 1989, and the second on September 26, 1989.

Jackson failed to timely pay the "budget payment" due on October 11, 1989. A check dated October 13, 1989, was received and processed by Auto Club on or about October 17, 1989. The check was returned by the bank for a second time on November 2, 1989, for nonsufficient funds. Auto Club sent Jackson a cancellation notice on or about November 6, 1989, purporting to cancel Jackson's policy "EFFECTIVE AT 10/11/89 12.01 AM STANDARD TIME."

On January 9, 1990, Jackson notified Auto Club that on December 1, 1989, Bowerman and his wife, Norma Bowerman ("Bowermans"), had filed suit in Kootenai County against him, his wife and Nielson for damages resulting from the October 30, 1989 accident. On March 26, 1990, Auto Club filed a declaratory judgment action seeking a determination that no coverage existed under the policy for the accident which occurred with the Jacksons' vehicle. Auto Club alleged that no coverage existed because the Jacksons' premium check was dishonored, thereby rendering the policy void prior to the accident. On February 26, 1992, the district court issued its memorandum opinion, findings of fact, conclusions of law, and order in favor of the Jacksons, Nielson, and the Bowermans. Auto Club later moved to amend the findings of fact and conclusions of law,

which motion was denied at a hearing on May 8, 1992. On the same date, the district court entered judgment against Auto Club, ruling that it had not properly cancelled the Jacksons' policy pursuant to I.C. § 41–2508, and that coverage existed for the Jacksons on the date of the accident in question. The district court also entered an order on May 8, 1992, denying the Bowermans' and Nielson's request for discretionary costs pursuant to I.C.R.P. 54(d)(1)(D), and attorneys fees under I.C. § 41–1839, I.C. § 12–121, and I.R.C.P. 54(e)(1) and (e)(5). Auto Club appeals the district court's ruling on the coverage issue. The Bowermans and Nielson cross-appeal the district court's ruling on costs and attorney's fees.

## II. THE DISTRICT COURT'S RULING THAT COVERAGE EXISTED WAS CORRECT

The coverage issue on this appeal involves a question of law regarding the applicable provisions of Idaho statutory law relating to insurance contracts. See I.C. § 41–2501, et seq. When questions of law are presented, this Court is not bound by the findings of the trial court, but is free to draw its own conclusions from the evidence presented. Clark v. St. Paul Property & Liab. Ins. Cos., 102 Idaho 756, 757, 639 P.2d 454, 455 (1981). Our standard of review is therefore one of free review. Clements Farms, Inc. v. Ben Fish & Son, 120 Idaho 185, 188, 814 P.2d 917, 920 (1991).

Auto Club first argues that no coverage existed under the Jacksons' policy because it was void on the date of the accident. Auto Club contends that payment of a premium by check is conditional unless or until the check is honored upon presentment. The policy application stated: "[T]his binder or any policy issued thereon is void if any check tendered in payment of premium is not honored." The renewal and budget payment notices both provided that if payment was made by check and that check was dishonored, coverage would cease as of the payment due date. Therefore, Auto Club claims that when it received the Jacksons' check after the due date and it was then dishonored by the drawee bank, the policy was void as of

October 11, 1989, and there was no coverage on October 30, 1989. Auto Club also argues that because the check sent by the Jacksons was dishonored and the time for the premium payment had elapsed, the policy was automatically forfeited on the premium due date.

The Bowermans and Nielson argue that the Jacksons did have automobile coverage on October 30, 1989, because Auto Club did not follow the proper statutory and contractual procedures for cancelling the policy prior to the accident.[1] We agree, and thus for the reasons stated below, affirm the district court's decision in favor of the Defendants/Respondents and hold that coverage existed on the date of the accident.

I.C. §§ 41–2506 through 41–2508 concern the cancellation of insurance policies. I.C. § 41–2506 provides, in pertinent part:

**Cancellation of policies—Definitions.**

(d) "Nonpayment of premium" means failure of the named insured to discharge when due any of his obligations in connection with the payment of premiums on a policy or any instalment of such premium, whether the premium is payable directly to the insurer or its agent or indirectly under any premium finance plan or extension of credit.

(2) Sections 41–2506 through 41–2512 of this act shall not apply to any policy which has been in effect less than sixty (60) days at the time notice of cancellation is mailed or delivered by the insurer, unless it is a renewal policy.

I.C. § 41–2507 provides, in pertinent part:

**Cancellation of policies—Grounds.**—No notice of cancellation of a policy shall be effective and the insurer shall not refuse renewal of a policy, unless based on one or more of the following reasons:

(1) Nonpayment of premium.

I.C. § 41–2508 provides, in pertinent part:

**Notice of cancellation or intention not to renew.**—(1) No cancellation of a policy to which section 41–2506 of this act applies shall be effective unless notice thereof is mailed or delivered by the insurer to the named insured at least twenty (20) days prior to the effective date of cancellation, except that *where cancellation is for nonpayment of premium at least ten (10) days' notice of cancellation accompanied by the reason therefor shall be given.*

(Emphasis added.)

The policy also contained cancellation provisions which required ten days notice if the cancellation was for nonpayment of premium:

**Cancellation.** This policy may be cancelled during the policy period as follows:

2. We may cancel by mailing to the named insured shown in the Declarations at the address shown in this policy:

a. at least 10 days notice:

(1) if cancellation is for nonpayment of premium; or

(2) if notice is mailed during the first 60 days this policy is in effect and this is not a renewal or continuation policy ...

■ Pursuant to I.C. § 41–2506(2), it is clear that the above-quoted sections of the Idaho Code regarding the cancellation of insurance policies apply in this case. Although the policy had been paid on a budget basis, it had been issued for a six month term. In this case, the payment made was the second payment under a "budget payment plan" whereby the insured paid one-half of the premium at the beginning of the six month policy term and was allowed to pay the remaining half of the premium after ninety days. Even though Jackson only paid half of the premium at the beginning of the term, the coverage was in effect for the entire six month period. For Auto Club to discontinue coverage at this point in time, it was required to follow the procedures set forth in I.C. § 41–2506 through § 41–2508 for cancellation and for providing the appropriate notice. At the time the second budget payment became due, the policy had been in effect for more than sixty (60) days. Moreover, even if the policy had not been in effect for sixty (60) days, the fact that this was a renewal policy brings it within the purview of I.C. § 41–2506(2) and these cancellation provisions therefore apply.

---

1. The Jacksons did not take part in this appeal.

Under I.C. § 41–2507(1), an insurer has grounds for cancelling a policy for non-payment of premium. However, pursuant to I.C. § 41–2508(1), where the insurer cancels a policy for nonpayment of premium, it must give the insured ten (10) days notice prior to the effective date of cancellation. In the present case, Auto Club sent notice of cancellation to the Jacksons for nonpayment of premium on November 6, 1989, for their failure to make the second budget payment by October 11, 1989, the due date, and for making the payment with a check which was dishonored. Therefore, pursuant to I.C. § 41–2508(1), the effective date of the cancellation could not legally have occurred prior to the statutory ten-day notice period. The accident, which occurred on October 30, 1989, was thus covered by the policy. *See, e.g., Scanlon v. Empire Fire & Marine Ins. Co.,* 117 Idaho 691, 791 P.2d 737 (Ct.App.1990). The district court's judgment ruling that coverage was in effect on the date of the accident is affirmed.

### III. THE DISTRICT COURT WAS CORRECT IN RULING THAT I.C. § 41–1839 DOES NOT APPLY TO THIS CASE AND THAT NO ATTORNEY FEES SHOULD BE AWARDED AS COSTS

On their cross-appeal, the Bowermans and Nielson assert that the district court erred in ruling that they were not entitled to attorney's fees under I.C. § 41–1839[2] in this declaratory judgment action.

2. I.C. § 41–1839(1) provides:
   **Allowance of attorney fees in suits against insurers.**—(1) Any insurer issuing any policy... or contract of insurance ... of any kind or nature whatsoever, which shall fail for a period of thirty (30) days after proof of loss has been furnished as provided in such policy.... or contract, to pay to the person entitled thereto the amount justly due *under such policy....* or contract, shall in any action thereafter brought against the insurer in any court in this state for recovery under the terms of the policy.... or contract, pay such further amount as the court shall adjudge reasonable as attorney's fees in such action.
   (Emphasis added.)

3. Compare *Bonner County v. Panhandle Rodeo Associates,* 101 Idaho 772, 620 P.2d 1102 (1980);

In previously interpreting this statute, the Court has opined as follows:

> I.C. § 41–1839 provides an incentive to an insurer to settle just claims made under a policy held by the insured; its aim is to prevent litigation and the high costs associated with it. Once an insured has presented a claim against the insurer and provided proof of his insured loss, he should not have to resort to litigation to collect on his insurance policy. If he is forced to do so, the economic risk of the litigation process is that of the insurer, not the insured. [Emphasis omitted].

*Hansen v. State Farm Mut. Auto. Ins. Co.,* 112 Idaho 663, 671, 735 P.2d 974, 982 (1987).

The cross-appellants urge us to interpret this statute to permit attorney's fees to be awarded to a non-insured, in this case to those claiming against the insured in a personal injury case in the context of a declaratory judgment action over coverage brought by the insurance company. We decline to extend the statute to permit attorney's fees to be awarded under these circumstances. To do so would expand the statute's application beyond the bounds of its language, and would not further the legislative purpose of promoting prompt settlements of meritorious claims between insurer and insured. We hold that the district court did not err in declining to award attorney's fees under I.C. § 41–1839.[3]

Cross-appellants also argue that the district court erred by not awarding attorney's fees as costs under I.R.C.P. 54(e)(1) and

*Associates Discount Corp. of Idaho v. Yosemite Ins. Co.,* 96 Idaho 249, 526 P.2d 854 (1974); *Unigard Ins. Co. v. United States Fidelity & Guaranty Co.,* 111 Idaho 891, 728 P.2d 780 (Ct.App. 1986). These cases, cited by cross-appellants, are all distinguishable from the instant case because the parties seeking recovery of attorney's fees under I.C. § 41–1839 were all insureds under the subject policies. In *Bonner, supra,* Bonner County Fair Association and Panhandle Rodeo Associates were both found to be additional insureds and therefore entitled to attorney's fees. In *Associates Discount Corp., supra,* the party who recovered attorney's fees under this section was the insured under a vendor's single interest insurance policy. In *Unigard, supra,* the party who was entitled to attorney's fees under I.C. § 41–1839 was the insured under the policy.

54(e)(5). Rule 54(e)(1) provides that in a civil action the district court "may award reasonable attorney fees to the prevailing party or parties as defined in Rule 54(d)(1)(B), when provided for by any statute or contract." I.R.C.P. 54(e)(5) provides that when attorney's fees are allowable by statute or contract they "shall be deemed as costs in an action and processed in the same manner as costs and included in the memorandum of costs ..." Cross-appellants argue that because attorney's fees were allowable under I.C. § 41-1839, the district court should have considered the factors enumerated in I.R.C.P. 54(e)(3) to arrive at the proper amount. As previously stated, I.C. § 41-1839 does not apply to this case because cross-appellants are not insureds under the policy. We therefore affirm the district court's decision that attorney's fees as costs are not allowed under I.R.C.P. 54(e)(1) and (e)(5).

## IV. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN REFUSING TO AWARD ATTORNEY'S FEES UNDER I.C. § 12–121 AND I.R.C.P. 54(e)

The cross-appellants assert that the district court erred in not awarding attorney's fees pursuant to I.C. § 12–121. They argue that the court made a conclusory statement that Auto Club's claims were not frivolous, but that no basis for this conclusion was given and that failure to address relevant factors was an abuse of discretion.

I.C. § 12–121 provides, in pertinent part: **Attorney's fees.**—In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties, provided that this section shall not alter, repeal or amend any statute which otherwise provides for the award of attorney's fees....

I.R.C.P. 54(e)(1) provides that attorney's fees may be awarded in any civil action to the prevailing party or parties if provided for by statute or contract. This rule further provides:

Provided, attorney fees under section 12–121, Idaho Code, may be awarded by the court only when it finds, from the facts presented to it, that the case was brought, pursued or defended frivolously, unreasonably or without foundation ...

At the hearing on post-trial motions held on May 8, 1992, and in its order on costs and attorney's fees, the district court found that Auto Club had not pursued the action frivolously, unreasonably or without foundation. An action is not deemed to have been brought frivolously simply because it ultimately fails. *Edwards v. Donart,* 116 Idaho 687, 688, 778 P.2d 809, 810 (1989). This Court has held that in deciding whether an award of attorney's fees is proper, "the sole question is whether the losing party's position is so plainly fallacious as to be deemed frivolous, unreasonable or without foundation." *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.,* 119 Idaho 87, 92, 803 P.2d 993, 998 (1991), *quoting Severson v. Hermann,* 116 Idaho 497, 777 P.2d 269 (1989). The record indicates that the parties extensively briefed the issue of attorney's fees under I.C. § 12–121 and whether the action was frivolous. The district court indicated at the hearing on the post-trial motions that he had read all of the briefs, and then ruled that Auto Club had not filed the declaratory judgment action frivolously.

We agree with the district court's analysis.

Auto Club brought the action seeking a determination as to whether coverage existed under the Jacksons' policy for the October 30, 1989 accident. It contended that the policy was void as of October 11, 1989, the date upon which a premium payment was due, and on which date the Jacksons made the payment with a check which was subsequently dishonored. The policy language stated that the policy would be void if a premium payment was made with a dishonored check. The renewal and budget notices sent to the Jacksons contained similar language. Payment was made by a dishonored check. These facts at least raised a colorable argument in support of Auto Club's non-coverage position. Although the Court affirms the district court's decision that the cancellation provisions of I.C. § 41–2506 through § 41–2508 govern the facts of this case and that the Jacksons were to be afforded ten (10) days notice prior to the cancella-

tion of their policy, a misperception by a party of the law is not, by itself, unreasonable conduct. *Wing v. Amalgamated Sugar Co.*, 106 Idaho 905, 911, 684 P.2d 307, 313 (Ct.App.1984), *overruled on other grounds by NBC Leasing Co. v. R & T Farms, Inc.*, 112 Idaho 500, 733 P.2d 721 (1987). We therefore hold that the district court committed no abuse of discretion in ruling that Auto Club did not bring the declaratory judgment action frivolously or unreasonably.

Cross-appellants further assert that the district court abused its discretion in not applying the factors enumerated in I.R.C.P. 54(e)(3) to its decision not to award attorney fees under either I.C. § 12–121 or I.C. § 41–1839.

Rule 54(e)(3) provides, in pertinent part: **Amount of attorney fees.**—*In the event the court grants attorney fees to a party or parties in a civil action it shall consider the following factors in determining the amount of such fees....*

(Emphasis added). The factors enumerated include the time and labor involved, the novelty and difficulty of the questions, and legal skill, among others. Rule 54(e)(3) is, however, inapplicable to the present case because this rule only comes into play if the trial court first determines that attorney's fees are awardable under I.R.C.P. 54(e)(1). It is only at that stage, then, that the trial court must consider the factors listed in Rule 54(e)(3) to determine the *amount* of the award. Rule 54(e)(3) is, for the same reason, inapplicable to the district court's proper determination that the cross-appellants were not entitled to attorney's fees under I.C. § 41–1839.

We therefore hold that the district court committed no abuse of discretion in not considering the factors enumerated in I.R.C.P. 54(e)(3) when it declined to award costs and attorney's fees under I.C. § 12–121, I.R.C.P. 54(e)(1) and I.C. § 41–1839.

## V. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION BY REFUSING TO AWARD DISCRETIONARY COSTS UNDER I.R.C.P. 54(d)(1)(D)

Cross–Appellants Bowerman and Nielson claim that the district court erred by not awarding them their discretionary costs under I.R.C.P. 54(d)(1)(D). Upon their request for costs and attorney's fees, the district court determined that the Bowermans, the Jacksons, and Nielsen were prevailing parties pursuant to I.R.C.P. 54(d)(1)(B). The court then awarded their costs as a matter of right under Rule 54(d)(1)(C), but declined to award discretionary costs under Rule 54(d)(1)(D) because of its finding that no one had made an adequate showing as to why these costs were necessary and exceptional and reasonably incurred.

Discretionary costs are additional items of cost not enumerated in Rule 54(d)(1), and can include such items as long distance telephone calls, photocopying, faxes, travel expenses and postage. These costs may be awarded by the trial court in its discretion, although the burden is on the prevailing party to make an adequate initial showing that these costs were necessary and exceptional and reasonably incurred, and should in the interests of justice be assessed against the adverse party. *Westfall v. Caterpillar, Inc.*, 120 Idaho 918, 926, 821 P.2d 973, 981 (1991). Rule 54(d)(1)(D) also provides that the trial court shall make express findings as to why each discretionary cost item should or should not be allowed. The Bowermans and Nielson claim that the district court, in denying their request for discretionary costs, abused its discretion by not making specific findings regarding such disallowance as to each cost item. Upon a review of the record before this Court, we disagree.

In the present case, the district court, in exercising its discretion, found that these prevailing parties failed to make the requisite showing under I.R.C.P. 54(d)(1)(D) as to any of the discretionary costs requested and so ruled:

> THE COURT: ... As to any discretionary costs, I found that no one has made an adequate showing supporting their request for discretionary costs. Therefore, no discretionary costs will be granted.

In its order on costs and attorneys' fees, the district court made the same finding with respect to both the Bowermans and Nielson:

AUTO CLUB has objected to the award of discretionary costs. I do not find that any of the requested discretionary costs are either exceptional or necessary. BOWERMANS [NIELSON] have not made any showing why the requested discretionary costs are exceptional in a case of this nature.

 Based upon our review of the record, we hold that the district court did not abuse its discretion in finding that the requesting parties failed to make an adequate showing that their costs were necessary and exceptional. Nielson and Bowermans sought an award of discretionary costs for photocopies, fax charges, long distance calls, copies of transcripts, and "other deposition costs." Nowhere in the record do the cross-appellants attempt to explain why these charges were necessary and exceptional, and should in the interest of justice be assessed against the adverse party. They thus failed to make the required showing under I.R.C.P. 54(d)(1)(D). Because the parties failed to make a showing of justification for any costs, the court was entitled to make a summary finding that none of the costs should be awarded. The district court accordingly did not abuse its discretion with respect to its ruling on discretionary costs.

## VI. CROSS–APPELLANTS ARE NOT ENTITLED TO ATTORNEY'S FEES ON APPEAL

Cross-appellants argue that they are entitled to attorney's fees on appeal pursuant to I.A.R. 41. We disagree and hold that attorney's fees on this appeal are not appropriate. Fees on appeal are appropriate if the appellate court is "left with an abiding belief that the appeal has been brought or defended frivolously, unreasonably, or without foundation." *Durrant v. Christensen*, 117 Idaho 70, 74, 785 P.2d 634, 638 (1990). For the reasons stated above, we hold that the appeal was not brought frivolously or unreasonably, and therefore disallow attorney's fees on appeal.

## VII. CONCLUSION

We hold that the district court did not err in finding that coverage existed under the policy between Auto Club and the Jacksons at the time of the automobile accident, pursuant to the cancellation provisions of I.C. §§ 41–2506 through 41–2508. We further hold that the district court did not abuse its discretion in refusing to award attorney's fees and discretionary costs to the Bowermans and Nielson. Accordingly, the judgment of the district court is affirmed.

Costs on appeal are awarded to the Bowermans and Nielson. I.A.R. 40. No attorney's fees on appeal.

McDEVITT, C.J., and BISTLINE, JOHNSON and TROUT, JJ., concur.