Rule 23 order filed
October 26, 2007;
Motion to publish granted
December 26, 2007.

NO. 5-06-0655

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| PEKIN INSURANCE COMPANY, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) Madison County. |
| | ) |
| v. | ) No. 05-MR-495 |
| | ) |
| GORDON HARVEY, d/b/a Anchor | ) |
| Enterprises, and TRACY L. WALLACE, | ) Honorable |
| | ) Ellar Duff, |
| Defendants-Appellees. | ) Judge, presiding. |

_____

JUSTICE DONOVAN delivered the opinion of the court:

The plaintiff, Pekin Insurance Company (Pekin), filed a complaint in the circuit court of Madison County, seeking a judgment declaring that it had no obligation to defend Gordon Harvey, doing business as Anchor Enterprises (Anchor), against a negligence action filed by Tracy L. Wallace because it had cancelled Anchor's liability policy for the nonpayment of the premium several months before the accident that gave rise to Wallace's action. Following a hearing on each party's motion for a summary judgment, the circuit court found that Pekin failed to provide a proper notice of cancellation and that Anchor's policy was in effect on the date of the accident. The circuit court granted the defendants' motion for a summary judgment, and it denied Pekin's motion for a summary judgment. Pekin appeals.

The defendant Anchor is a corporation that is in the carpentry business. On September 6, 2002, Anchor submitted to Pekin an application for a "Commercial Lines" policy of insurance and an initial premium payment of $200. Pekin approved the application and issued the policy. The policy was to be effective from September 6, 2002, to September 6, 2003, at 12:01 a.m. The total cost of the annual premium was $474. On December 9,

1

2002, Pekin sent Anchor an invoice advising that the next premium installment of $10.34 was due on December 22, 2002. Pekin did not receive a payment from Anchor by the due date. On January 7, 2003, Pekin mailed to Anchor a notice of cancellation for the nonpayment of the premium. The notice stated that the policy would terminate on January 17, 2003, at 12:01 a.m. standard time. The notice also stated that the reason for the termination was the nonpayment of the premium.

On June 23, 2003, Wallace was employed by a drywall company and he was working at a residential construction project, when he fell into an unguarded hole and was injured. Wallace filed a negligence action against Anchor in the Madison County circuit court. Wallace alleged that he suffered severe injuries as a result of Anchor's negligence in managing and supervising the work site. Anchor tendered its defense to Pekin, but Pekin declined to defend the action. Pekin claimed that Anchor's policy had been terminated several months before the occurrence due to the nonpayment of the premium. Pekin filed this declaratory judgment action in Madison County in September 2005.

Following a period for discovery, Pekin filed its motion for a summary judgment. Pekin argued that it had no duty to defend the underlying negligence action against Anchor because Anchor's policy had been cancelled for the nonpayment of the premium on January 17, 2003, and it was not in effect at the time of Wallace's accident. Pekin submitted the affidavits of two employees who stated that Pekin had received no payment from Anchor beyond the initial $200 payment and that the cancellation notice had been mailed to Anchor on January 7, 2003.

Subsequently, Wallace filed a motion for a summary judgment. Wallace claimed that Pekin had not given adequate notice of the cancellation because it had failed to provide "at least 10 days['] notice" prior to the cancellation as required in the policy. Wallace noted that the notice had been mailed sometime after 7:45 a.m. on January 7, 2003, and stated that the

2

policy would terminate January 17, 2003, at 12:01 a.m. Wallace argued that Pekin did not mail the notice 10 "full days," *i.e.*, ten 24-hour periods, prior to the effective date and hour of cancellation. Anchor joined in Wallace's motion.

The circuit court determined that Pekin had failed to provide a proper notice of cancellation of the policy and that, thus, there was coverage under Anchor's policy at the time of the accident. The court denied Pekin's motion for a summary judgment, and it granted the defendants' motion for a summary judgment.

On appeal, Pekin contends that the circuit court erred in finding that the notice was insufficient and that the policy was in effect on the day of Wallace's accident. Pekin argues that the court erred in interpreting the policy provision stating that Pekin may cancel the policy for the nonpayment of a premium by mailing a notice of cancellation "at least 10 days before the effective date of cancellation" as a requirement that the notice be mailed at least ten 24-hour periods prior to the effective date and hour of cancellation. Pekin also argues that under any reasonable construction of the policy's cancellation provision, the policy was properly terminated on the tenth day after the cancellation notice was mailed and that there was no coverage for an accident that had occurred more than five months after the policy was cancelled.

Wallace counters that the cancellation provision in the policy expressly states that the insurer must give written notice of cancellation "at least 10 days before the effective date of cancellation," that the cancellation notice was mailed sometime after 7:45 a.m. on January 7, 2003, that the notice stated that the effective date of cancellation was 12:01 a.m. on January 17, 2003, and that Pekin provided approximately 9⅔ days' notice, rather than 10 "full days'" notice. Anchor joined in Wallace's brief.

According to the "Common Policy Conditions," Pekin may cancel the policy for the nonpayment of a premium by mailing a written notice of cancellation at least 10 days prior

3

to the effective date of cancellation. The language in this policy provision practically mirrors that found in section 143.15 of the Illinois Insurance Code (Code) (215 ILCS 5/143.15 (West 2004)). Section 143.15 provides in pertinent part that a notice of cancellation for the nonpayment of a premium must be mailed at least 10 days before the effective date of the cancellation. Under section 143.15 of the Code, proof of actual notice is not required when cancellation is due to the nonpayment of a premium. *Marketview Motors, Inc. v. Colonial Insurance Co. of California*, 175 Ill. 2d 460, 468, 677 N.E.2d 870, 874 (1997). Likewise, we find nothing in the language of the policy that requires actual notice. Based on the language of the Code and the insurance policy, the time provision in the notice requirement begins to run the day that the notice is mailed. *Marketview Motors, Inc.*, 175 Ill. 2d at 467, 677 N.E.2d at 874.

In this case, Pekin presented a copy of the cancellation notice, a copy of the certificate of mailing, and the affidavits of two employees to establish that the notice of cancellation was mailed on January 7, 2003. The cancellation notice stated that the effective date of cancellation was January 17, 2003, at 12:01 a.m. Based on the uncontested evidence, we have determined that the notice was mailed on the tenth day prior to the effective date of cancellation. In making this determination, we counted backward from and excluded January 17, 2003.

We are unpersuaded by the defendants' arguments that Pekin failed to strictly comply with the cancellation provisions in its policy because it provided 9⅔ days' notice, rather than 10 days' notice. The defendants have not pointed to any provision in the policy or the Code that requires the cancellation notice to state the fixed hour and minute when the cancellation becomes effective. In computing time, a day ordinarily is considered an indivisible unit. See *Fiedler v. Eckfeldt*, 335 Ill. 11, 17, 166 N.E. 504, 507 (1929). As a general rule, the law will not recognize fractions of a day unless that recognition is deemed important to the interests

4

of justice or necessary to a decision regarding conflicting interests. *Fiedler*, 335 Ill. at 17, 166 N.E. at 507; *Conley v. Ratayzcak*, 92 Ill. App. 3d 29, 414 N.E.2d 500 (1980). The case at bar does not present such a situation. For example, this is not a case where an accident occurred on the day that the policy terminated and the case turns on which of the two occurred first. While we can envision other circumstances in which conflicting interests or the interests of justice may require the law to recognize fractions of a day, those circumstances are not presented here.

The record shows that the notice of cancellation was mailed in compliance with the policy provision and the Code and that Anchor's policy terminated for the nonpayment of a premium more than five months before the date of the accident. The circuit court erred in granting the defendants' motion for a summary judgment and in denying Pekin's motion for a summary judgment.

Accordingly, we reverse the judgment of the circuit court, and in accordance with our authority under Illinois Supreme Court Rule 366(a)(5) (155 Ill. 2d R. 366(a)(5)), we hereby grant a summary judgment in favor of the plaintiff and against the defendants.

Reversed; judgment entered.

CHAPMAN and STEWART, JJ., concur.

5

NO. 5-06-0655

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| PEKIN INSURANCE COMPANY, | ) Appeal from the |
| | ) Circuit Court of |
| Plaintiff-Appellant, | ) Madison County. |
| | ) |
| v. | ) No. 05-MR-495 |
| | ) |
| GORDON HARVEY, d/b/a Anchor | ) |
| Enterprises, and TRACY L. WALLACE, | ) Honorable |
| | ) Ellar Duff, |
| Defendants-Appellees. | ) Judge, presiding. |

**Rule 23 Order Filed**: October 26, 2007
**Motion to Publish Granted**: December 26, 2007
**Opinion Filed**: December 26, 2007

**Justices**: Honorable James K. Donovan, J.

Honorable Melissa A. Chapman, J., and
Honorable Bruce D. Stewart, J.,
Concur

**Attorney for Appellant**

Robert Marc Chemers, Pretzel & Stouffer, Chtd., One South Wacker Drive, Suite 2500, Chicago, IL 60606

**Attorneys for Appellees**

Gail G. Renshaw, The Lakin Law Firm, 300 Evans Avenue, P.O. Box 229, Wood River, IL 62095-0229 (attorney for Tracy L. Wallace); William E. Miller III, Law Offices of William E. Miller III, 1403 East Broadway, Alton, IL 62002 (attorney for Gordon Harvey d/b/a Anchor Enterprises)